# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| JERRY LEWIS FLOWERS, | : |
| | : |
|     Petitioner, | : |
| | : |
| vs. | :   Civil Action File No. |
| | :   7:09-CV-7 (HL) |
| DANNY THOMPSON, Warden, | : |
| | : |
|     Respondent. | : |

## RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss the petition for being untimely filed. (Doc. 7). Petitioner was notified of the filing of the motion to dismiss and ordered to file a response thereto in April of 2009 (Doc. 9). Petitioner was advised that failure to respond could result in the dismissal of his petition. Petitioner has failed to file any response to the motion to dismiss.

Petitioner was indicted by a Lowndes County grand jury on March 2, 2001, for burglary, aggravated assault, and rape. (Resp. Ex. 4, pp. 29-32). Following a jury trial, Petitioner was convicted of rape of September 26, 2001, and received a sentence of fifteen (15) years imprisonment. (Resp. Ex. 4, p. 52). The Georgia Court of Appeals affirmed Petitioner's conviction and sentence on September 2, 2004. Flowers v. State, 269 Ga. App. 443, 604 S.E.2d 285 (2004).

On December 20, 2004, Petitioner filed a habeas corpus petition in the Superior Court of Mitchell County, challenging his Lowndes County conviction. (Resp. Ex. 2). Following a hearing on March 7, 2005, the state habeas corpus court denied relief in an order filed May 13, 2005. (Resp. Ex. 3). Petitioner never filed an application for certificate of probable cause to appeal the habeas court's denial of relief.

On August 26, 2008, Petitioner filed a motion to vacate a void sentence in the trial court. The trial court denied the motion in a written order filed September 8, 2008. On September 19, 2008, Petitioner filed a motion for sentence reduction, which the trial denied in a written order filed September 29, 2008.

In September 2008, Petitioner executed the federal petition, challenging his Lowndes County conviction. Respondent moves now for dismissal of the petition as it is untimely filed.

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

The Georgia Court of Appeals affirmed Petitioner's conviction on September 2, 2004. Under Georgia law, specifically Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten days from that September $2_{nd}$ decision in which to either move for reconsideration in the Court of Appeals or file a notice of intent to apply for certiorari to

the Georgia Supreme Court. It does not appear from the record that he did either. Thus, his conviction was "final" on Monday, September 13, 2004, the date on which the ten-day period for filing a notice of intent to seek further appellate review expired.

Petitioner then let 98 days run before he filed his state habeas corpus petition on December 20, 2004. (Resp. Ex. 2). The state habeas court denied relief in a written order filed May 13, 2005. (Resp. Ex. 3). It does not appear that Petitioner filed an application for a certificate of probable cause to appeal that decision to the Georgia Supreme Court. The thirty-day period in which that application could have been filed pursuant to O.C.G.A. § 9-14-52 expired on Monday, June 13, 2005, as June 12th fell on a Sunday. Thus, Petitioner's state habeas corpus case ended on June 13, 2005, as Petitioner no longer had a case "properly filed" in the state courts. Wade v. Battle, 379 F.3d 1254, 1262.

Petitioner executed his federal petition in September 2008, which was over three years later. Respondent asserts that the motion to vacate a void sentence and motion for sentence reduction filed in August 2008 and September 2008 had no tolling effect as the one year period of limitations had already expired.

This petition is clearly untimely filed, as it was filed over two years after the expiration of the limitations period. Consequently, for the reasons aforesaid, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition be **GRANTED** and that petitioner's petition for writ of *habeas corpus* be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 4th day of November, 2009.

**S/ G. MALLON FAIRCLOTH**
**msd**              **UNITED STATES MAGISTRATE JUDGE**